THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAMELA DURHAM and SCOTT DURHAM,

Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

CASE NO. C19-1419-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion to remand (Dkt. No. 7). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs' home in Marysville, Washington was damaged by a sudden, accidental water leak. (Dkt. 1-1 at 1–2.) On August 2, 2019, Plaintiffs sued Defendant in King County Superior Court, asserting claims for breach of contract, insurance bad faith, and violation of Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. (*Id.* at 3.) Plaintiffs seek general, consequential, and special damages, as well as exemplary damages under Wash. Rev. Code § 19.86 and attorney fees and costs. (*Id.* at 4.) Plaintiffs' complaint does not specify an amount in controversy. (*Id.*)

ORDER
C19-1419-JCC
PAGE - 1

On September 4, 2019, Defendant removed this action to the Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Dkt. No. 1 at 4.) Defendant's removal notice alleges that Defendant is a citizen of New Hampshire and Massachusetts and thus there is complete diversity of citizenship. (*Id.*) Defendant's removal notice further alleges that Plaintiffs' claims exceed $75,000. (*Id.* at 2, 4–7.) Plaintiffs now move to remand on the ground that the amount in controversy requirement is not satisfied. (Dkt. No. 7.)

## II. DISCUSSION

### A. Legal Standard

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). The removing defendant bears the burden of proving, by a preponderance of the evidence, each element necessary to establish jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal subject matter jurisdiction exists in civil actions when the parties are completely diverse and the amount in controversy exceeds $75,000.[1] 28 U.S.C. § 1332. When the amount in controversy is not clear from the face of the complaint, courts may consider other "summary judgment-type" evidence to determine whether the amount reaches the jurisdictional minimum. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

### B. Amount in Controversy

Given that the parties are diverse, the issue presented is whether the amount in controversy exceeds $75,000. The amount in controversy may include not just actual damages,

---

[1] "The diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims." *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009).

but also statutorily authorized attorney fees and treble damages. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that statutorily authorized attorney fees may be included in the amount in controversy); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that a court may take into account the availability of treble damages).

Defendant agrees that Plaintiffs' policy covers at least part of the actual costs to repair the water damage, and Defendant has paid for several days of additional living expenses ("ALE"). (*See* Dkt. No. 8 at 3–4.) Thus, the amount in controversy depends on the difference in value between the parties' respective calculations of repairs and ALE. On August 8, 2019, after Plaintiffs filed their complaint, Defendant provided a supplemental estimate. (*See* Dkt. No. 2-4.) The supplemental estimate calculated that the cost to repair the damage to Plaintiffs' property is $31,720.63 actual cash value ("ACV"). (*Id.* at 10.) Plaintiffs' appraiser estimated that the ACV is $72,511.78. (Dkt. No. 2-6 at 11.) The difference between the two is $40,791.15. In addition, Plaintiffs' complaint includes a claim for ALE, and Plaintiffs' appraiser estimated that the value of ALE is $19,724.00. (*Id.* at 12.) Thus, according to Defendant, the combined amount in dispute for ACV and ALE is $60,515. (*See* Dkt. 1 at 6.) Defendant also contends that Plaintiffs seek $25,000 in punitive damages under the CPA. (Dkt. No. 1 at 6–7.) This statute authorizes courts to award treble damages, capped at $25,000. *See* Wash. Rev. Code. § 19.86.090. Plaintiffs also seek attorney fees, but neither party cites a statutory basis for such an award nor provides an estimate for such fees. (*See* Dkt. Nos. 1, 1-1, 7.)

Plaintiffs argue that Defendant has failed to meet its burden of proof. (Dkt. No. 7 at 4.) First, Plaintiffs challenge Defendant's contention that the amount in dispute for repairs is $31,720.63. (*Id.* at 3–4.) Plaintiffs argue that Defendant has not submitted evidence from someone with personal knowledge that shows how much Defendant currently values Plaintiffs' insurance claim, particularly because Defendant has not revealed the results of its own appraisal or shown that it has refused to pay for the repairs and ALE. (Dkt. No. 7 at 2–4.) On this basis,

Plaintiffs insist that Defendant has not proven that $60,515.15 is in dispute with respect to repairs and ALE. (*Id.*) Additionally, Plaintiffs contend that Defendant has not demonstrated more than a mere possibility of punitive damages under the CPA (*Id.* at 4.)

"[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2). District courts deem noncompliance with such rules as consent to the denial or granting of the motion. *See, e.g.*, *Robichaux v. Fid. Nat. Ins. Co.*, 2013 WL 356902, slip op. at 1 (D. Ariz. 2013) (finding it proper to remand on the basis of defendants' failure to respond); *Deuschel v. UC Regents Med. Centers*, 2019 WL 1057046, slip op. at 2 (C.D. Cal. 2019). Defendant did not respond to Plaintiffs' motion to remand. (*See* docket.) In failing to respond, Defendant has admitted that Plaintiffs' motion to remand is meritorious and conceded that the amount in controversy requirement is not satisfied. *See* W.D. Wash. Local Civ. R. 7(b)(2). Therefore, Plaintiffs' motion to remand is GRANTED.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for remand (Dkt. No. 7) is GRANTED.

DATED this 17th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE